

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JONATHAN D. FROST ) <br> ) | No. 1:26-CR-4 <br><br> Judges TRM / CHS |

# INFORMATION

The United States Attorney charges:

## COUNT ONE

## CONSPIRACY TO COMMIT WIRE FRAUD

## (18 U.S.C. § 1349)

1. From in or about 2020 through no earlier than September 19, 2023, in the Eastern District of Tennessee, and elsewhere, the defendant, JONATHAN D. FROST ("FROST"), and other co-conspirators known and unknown ("his co-conspirators"), did knowingly combine, conspire, confederate and agree with each other, and with others known and unknown, to commit offenses against the United States, including violations of Title 18, United States Code, Section 1343 (wire fraud).

## OBJECTS OF THE CONSPIRACY

2. It was a part and object of the conspiracy that the defendant, FROST, and his co-conspirators, having devised a scheme and artifice for the purpose of defrauding and obtaining money and property by means of materially false and fraudulent pretenses and representations, would and did cause to be transmitted by means of wire and radio communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

3. In furtherance of the conspiracy, and to accomplish the ends thereof, the defendant, FROST, and his co-conspirators, used the following means, among others:

   a. Defendant FROST and his co-conspirators contacted and caused to be contacted individuals for the purpose of obtaining money based on the intentional and material misrepresentation that the money would be used to fund the construction of a facility that would use solar energy to extract hydrogen from water (hereinafter, the "Hydrogen Plant"), while in truth and in fact and as known to FROST and his co-

conspirators, the money would be converted to the personal use of FROST and his co-conspirators.

b. Defendant FROST and his co-conspirators used means of wire communication in and affecting interstate commerce including, without limitation, telephone calls, cellular telephone text messaging, and the internet, to make intentional, material misrepresentations including, without limitation, that investors' money would be used for the construction of a Hydrogen Plant.

c. On or about May 12, 2021, Defendant FROST received the sum of $147,000 from an individual who is known and whose initials are "C.F.," based upon the material misrepresentation that FROST and his co-conspirators made to C.F. that such money would be used for construction of a Hydrogen Plant. Upon receipt of the $147,000 into a bank account they controlled, FROST and his co-conspirators used none of the funds for construction of a Hydrogen Plant. Instead, FROST and his co-conspirators

converted the $147,000 to their personal use.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

## CONSPIRACY TO COMMIT MONEY LAUNDERING

## (18 U.S.C. § 1956(h))

4. The allegations contained in paragraphs 1 through 3 are incorporated herein by reference for the purpose of alleging conspiracy in violation of 18 U.S.C. § 1956(h).

5. From in or about 2020 through no earlier than September 19, 2023, in the Eastern District of Tennessee, and elsewhere, the defendant, FROST, and his co-conspirators did knowingly combine, conspire, confederate and agree with each other, and with others known and unknown, to commit money laundering offenses against the United States, to wit;

    a. to conduct and attempt to conduct a financial transaction that involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, while knowing that the transaction involved property representing proceeds of some form of

unlawful activity, with the intent to promote the carrying on of a specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i);

b. to conduct and attempt to conduct a financial transaction that involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, while knowing that the transaction involved property representing the proceeds of some form of unlawful activity, and while also knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i); and

c. to engage and attempt to engage in a monetary transaction that involved property of a value greater than $10,000 that was derived from specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, while knowing that the transaction involved criminally derived property, in violation of 18 U.S.C. §§ 1957.

All in violation of Title 18, United States Code, Section 1956(h).

# COUNT THREE

## CONSPIRACY TO DEFRAUD THE UNITED STATES

## (18 U.S.C. § 371)

6. The allegations contained in paragraphs 1 through 5 are incorporated herein by reference for the purpose of alleging conspiracy in violation of 18 U.S.C. § 371.

7. From on or about January 1, 2021, the exact date being unknown, and continuing thereafter up to and including the date of this information, in the Eastern District of Tennessee and elsewhere, defendant FROST and his co-conspirators, did unlawfully, voluntarily, intentionally and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

## MANNER AND MEANS

8. The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

9. Advising clients to designate themselves falsely as partnerships for purposes of filing income tax returns, in order to fraudulently appear to qualify for deductions and exemptions to which they would not have been entitled as individual filers.

10. Advising clients to falsely and fraudulently deduct from their taxable income as business expenses various expenditures that were in fact unrelated to income-producing activities.

11. The fraudulent preparation and filing of approximately 4,000 to 5,000 false income tax returns and amended income tax returns that Frost and his co-conspirators knew to contain materially false taxable income information based upon the knowing inclusion of materially false deductions and exemptions, which collectively resulted in a tax loss of approximately $8,143,043.27 to the United States.

## OVERT ACTS

12. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the Eastern District of Tennessee, and elsewhere:

13. Between approximately April 19, 2021, and August 2, 2021, FROST transmitted to the Internal Revenue Service Forms 1065, Forms 1040X, and a Form 1040, for tax years 2018 through 2020, for an individual whose identity is known and whose initials are "K.S.," which forms falsely reported partnership gross receipts and business losses in a manner that resulted in tax losses to the United States of approximately $20,205 for the 2018, 2019, and 2020 tax years, collectively.

In violation of Title 18, United States Code, Section 371.

# FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One and Two of this Information are hereby realleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461.

2. Pursuant to 18 U.S.C. § 981(a)(1)(C), upon conviction of any offense in violation of 18 U.S.C. §§ 1349, any defendant so convicted shall forfeit to the United States any property, real or personal, constituting or traceable to the proceeds of any violation of 18 U.S.C. § 1349, including but not limited to the following property:

> A personal money judgment against the defendant and in favor of the United States of an amount not less than $54,000,000, representing the amount of proceeds obtained as a result of an offense in violation of 18 U.S.C. § 1349.

3. Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of an offense in violation of 18 U.S.C. § 1956, any defendant so convicted shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, including but not limited to the following property:

> A personal money judgment against the defendant and in favor of the United States of an amount not less than $70,000,000, representing funds involved in an offense in violation of 18 U.S.C. § 1956(h).

4. If any of the property described above, as a result of any act or omission of a defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and by Title 28, United States Code, Section 2461.

FRANCIS HAMILTON III
UNITED STATES ATTORNEY

*[signature]*
Frank M. Dale, Jr.
Frank Clark
Christopher Poole
Assistant United States Attorneys